IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CALEB A. GREEN,

      Plaintiff,

   v.                                        Civil Action 2:24-cv-4103
                                              Judge Algenon L. Marbley
                                              Magistrate Judge Kimberly A. Jolson

COMMUTEAIR,

      Defendant.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Caleb Green, an Ohio resident proceeding *pro se*, brings this action against Defendant CommuteAir. The matter is before the Undersigned for consideration of Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis* (Doc. 3) under 28 U.S.C. §1915(e)(2). Plaintiff's Amended Motion (Doc. 3) is **GRANTED**, and his first Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is **DENIED as moot**. All judicial officers who render services in this action shall do so as if the cost have been prepaid. 28 U.S.C. §1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED.**

**I.    STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the Complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.,* 161 F. App'x 487, 491 (6th Cir. 2005). The role of the Court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). So, the complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action[.]" *Kafele*, 161 F. App'x at 491. In sum, although pro se complaints are to be construed liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II.  DISCUSSION

Plaintiff's allegations arise out of his previous employment at Defendant CommuteAir. To begin, Plaintiff says that he was "forced to resign" from his position on July 19, 2023, "because of discrimination." (Doc. 1-1 at 3). Plaintiff says his resignation stemmed from "false accusations" made by his former manager. (*Id.*). He also alleges he "experienced multiple incidents of discrimination" during his employment, such as watching his coworkers receive certain rewards that he did not receive. (*Id.*). Further, Plaintiff says he was disciplined during a shift while others were not. (*Id.*). And he says he did not receive shifts that he requested, while the shifts he did work "did not correlate with operational needs." (*Id.* (discussing that a certain shift was removed after Plaintiff "bid" on it)). Finally, Plaintiff says that when he resigned, he asked for an "investigation." (*Id.*). A few weeks later, a human resources employee told Plaintiff "that he was not racist and neither was [Defendant]." (*Id.*). Although Plaintiff specifies only "[d]iscrimination"

as the cause of action on his civil cover sheet, (Doc. 1-3), the Court construes his Complaint as alleging a Title VII employment discrimination claim.

But that claim should be dismissed for two reasons. First, Plaintiff fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). *See* Fed. R. Civ. P. 8(a)(2) (stating that complaints must contain "a short and plain statement . . . showing that the pleader is entitled to relief."). Title VII prohibits employers from discriminating "on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 570 U.S. 338, 342 (2013) (citing 42 U.S.C. § 2000e–2(a)). To establish a *prima facie* case of employment discrimination under that Title, Plaintiff must show that (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for his position; and (4) he was treated differently from similarly situated individuals outside of his protected class. *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004). At this stage, Plaintiff does not need to plead every element. *Keys v. Humana*, 684 F.3d 605, 609 (6th Cir. 2012). However, he must allege enough facts for the Court to reasonably infer that Defendant discriminated against him because of a protected characteristic. *Id.*

But critically, in his Complaint, Plaintiff does not identify a protected class to which he belongs. (Doc. 1-1 at 3). Instead, he provides only vague accusations and conclusions. *Lee v. U.S. Postal Serv.*, 12 F. App'x 322, 323 (6th Cir. 2001) ("Mere conclusory allegations of discrimination are insufficient to state a claim under Title VII."). Plaintiff suggests Defendant is "racist," but he provides no further details on what actions constituted racial discrimination. (*Id.*). Nor does Plaintiff identify his race or the race of his coworkers who allegedly received preferential treatment. (*Id.*). Without more, the Court cannot reasonably infer that Plaintiff belongs to a protected class, let alone that Defendants discriminated against him because of a protected characteristic. *See, e.g.*,

*Edoho-Eket v. Northwestern Univ.*, No. 3:18-cv-1022, 2018 WL 5313148, at *2–3 (M.D. Tenn. Oct. 25, 2018) (recommending a Title VII employment discrimination claim be dismissed where the plaintiff did not identify her race but simply said she was a member of a protected class); *Wiltz v. Moundbuilders Guidance Ctr.*, No. 2:13-cv-523, 2013 WL 4081078, at *4 (S.D. Ohio Aug. 13, 2013) (finding a plaintiff did not plead enough for a race discrimination claim where she said only that her mistreatment "was due to her race"), *report and recommendation adopted*, No. 2:13-cv-523, 2013 WL 5178732 (S.D. Ohio Sept. 13, 2013); *Arredondo v. Brushwellman, Inc.*, 202 F.3d 267 (Table), 1999 WL 1253077, at *1 (6th Cir. Dec. 17, 1999) (affirming the dismissal of an employment discrimination claim where the plaintiff did not identify her protected class other than using the title "Ms.").

Even if Plaintiff alleged more, his claim is barred by the statute of limitations. "Although the statute of limitations is normally an affirmative defense that must be raised by the defendant in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during an initial screen." *Wiltz*, 2013 WL 4081078, at *4 (dismissing a race discrimination claim on an initial screen due to the statute of limitations). Because this action is based on events that occurred in Ohio, Plaintiff had 300 days from Defendant's alleged discriminatory act to file suit. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) (noting plaintiffs usually have 180 days to file an EEOC charge or, in deferral states like Ohio, 300 days from the discriminatory act to bring a Title VII claim). Because Plaintiff says he was forced to resign on July 19, 2023, he had to file suit by May 14, 2024. *Id.*; (Doc. 1-1 at 3). That deadline has long since passed, and Plaintiff's claim is now time-barred. As a result, his Complaint should be dismissed.

**III. CONCLUSION**

Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **GRANTED**, and his first Motion to proceed *in forma pauperis* (Doc. 1) is **DENIED as moot**. Based upon the foregoing, though, it is **RECOMMENDED** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED.**

IT IS SO ORDERED.


Date: November 8, 2024                     /s/Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE


**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).